Starr T. Drum (SBN 336691)
sdrum@polsinelli.com
POLSINELLI PC
2000 Southbridge Pkwy, Suite 301
Birmingham, AL 35209
Telephone: (205) 963-7155
Facsimile: (205) 963-7156

Tyler G.D. Anders (SBN 327478)
tanders@polsinelli.com
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

*Attorneys for Defendant Mixpanel, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEBRALINE GROUP, LLC, a California limited liability company, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>       v.<br><br>OPENAI L.P., a Delaware limited partnership; and MIXPANEL, INC., a Delaware corporation,<br><br>                    Defendants. | Case No. 3:25-cv-10312-VC<br><br>**DEFENDANT MIXPANEL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:            June 25, 2026<br>Time:            10:00 a.m.<br>Place:           Courtroom 4<br>Judge:           Hon. Vince Chhabria<br><br>Date Filed:    December 1, 2025<br>Trial Date:    None |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 25, 2026 at 10:00 a.m. or as soon thereafter as counsel may be heard, in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Mixpanel, Inc. ("Mixpanel") will and hereby does move this Court pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Class Action Complaint filed by Zebraline Group, LLC ("Plaintiff"). Plaintiff fails to allege facts showing that it has standing to sue Mixpanel. The Complaint and each cause of action therein

-1-

-2-

also fail to state a claim upon which relief can be granted, are fatally defective, and should be dismissed in their entirety without leave to amend.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the records and files in this action, and such further evidence and arguments as may be presented prior to or at the hearing on this Motion.

Dated: April 17, 2026                                        POLSINELLI PC


                                              By:    /s/ Starr Drum
                                                     STARR T. DRUM
                                                     TYLER G.D. ANDERS
                                                     *Attorneys for Defendant Mixpanel, Inc.*

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................1

III.  LEGAL STANDARD.............................................................................................2

      A.    Rule 12(b)(1)...............................................................................................2

      B.    Rule 12(b)(6)...............................................................................................2

IV.   ARGUMENT.........................................................................................................2

      A.    Plaintiff Fails to Meet the Pleading Requirements of Rule 8. ....................2

      B.    Plaintiff Lacks Article III Standing to Sue Mixpanel. ................................3

            1.    Plaintiff fails to plausibly allege any injury-in-fact. ......................3

                  a.    Plaintiff's alleged risk of social engineering attempts in the future does not constitute an injury-in-fact.........................3

                  b.    Plaintiff's alleged mitigation costs do not constitute an injury-in-fact. .....................................................................5

                  c.    Plaintiff's alleged increase in "suspicious" communications does not constitute an injury-in-fact. ..................................6

      C.    Plaintiff Fails to State a Claim Upon Which Relief May Be Granted. ........6

            1.    Plaintiff's negligence claim fails. ....................................................6

                  a.    Plaintiff fails to plausibly allege Mixpanel breached any duties.................................................................................6

                  b.    Plaintiff fails to allege any cognizable injury. .....................7

                  c.    Plaintiff's negligence claim is barred by the economic loss rule. ..............................................................................8

            2.    Plaintiff fails to state a claim for breach of confidence. ..................9

            3.    Plaintiff fails to state a claim for unjust enrichment......................10

            4.    Plaintiff's Claim for Violations of the California Unfair Competition Law Fails....................................................................11

                  a.    Plaintiff lacks UCL standing..............................................12

                  b.    Plaintiff's UCL theories of liability are not well pled. ......13

                  c.    Plaintiff fails to allege it lacks an adequate remedy at law. ..............................................................................15

-i-

V.      CONCLUSION...............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abellard v. Stretto, Inc.*,
No. 8:24-cv-01030, 2025 WL 1674265 (C.D. Cal. Apr. 25, 2025) ...........................................4

*In re Ambry Genetics*,
567 F. Supp. 3d 1130 (C.D. Cal. 2021) .................................................................................10

*In re Anthem, Inc. Data Breach Litigation*,
162 F. Supp. 3d 953 (N.D. Cal. 2016) ...................................................................................15

*Antman v. Uber Techs., Inc.*,
No. 15-cv-01175, 2018 WL 2151231 (N.D. Cal. May 10, 2018) (*Antman II*) .........................4

*Antman v. Uber Techs., Inc.*,
No. 3:15-cv-01175, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) (*Antman I*) ........................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................2, 12

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ..........................................................................................10, 11

*Baba v. Hewlett-Packard Co.*,
2010 WL 2486353 (N.D. Cal. June 16, 2010) ..................................................................13, 14

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................................2

*Bem v. Stryker Corp.*,
No. 3:15-cv-02485, 2015 WL 4573204 (N.D. Cal. July 29, 2015) ..........................................7

*Burns v. Mammoth Media, Inc.*,
No. CV 20-04855, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021) .............................................5

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .......................................................................................................3, 5

*Corona v. Sony Pictures Ent., Inc.*,
No. 2:14-cv-09600, 2015 WL 3916744 (C.D. Cal. June 15, 2015) ....................................7, 8

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ...................................................................................13

*Ctr. for Investigative Reporting v. U.S. Dep't of Just.*,
14 F.4th 916 (9th Cir. 2021) .................................................................................................10

-iii-

*Daugherty v. American Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) ...........................................................................................14

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021) ...............................................................................13

*Entm't Rsch. Grp. v. Genesis Creative Grp.*,
122 F.3d 1211 (9th Cir. 1997) .......................................................................................9, 10

*In re Episource LLC Data Breach Litigation*,
No. 2:25-cv-05330-SB-MBK, 2026 WL 638864 (C.D. Cal. Jan. 20, 2026) ......................7, 9

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ..........................................................................................11

*Gardiner v. Walmart Inc.*,
No. 4:20-cv-04618, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) .....................................9, 13

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023)...............................................................................13

*Greenstein v. Noblr Reciprocal Exch.*,
585 F. Supp. 3d 1220 (N.D. Cal. 2022) .............................................................................4, 5

*Griffith v. TikTok, Inc.*,
No. 5:23-cv-00964-SB-E, 2023 WL 9019035 (C.D. Cal. Dec. 13, 2023)...........................11

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) .............................................................................14

*Holly v. Alta Newport Hosp., Inc.*,
612 F. Supp. 3d 1017 (C.D. Cal. 2020) ...............................................................................5

*Huynh v. Quora, Inc.*,
No. 5:18-cv-07597, 2020 WL 7408230 (N.D. Cal. June 1, 2020)..........................................8

*In re Illuminate Education Data Security Incident Litigation*
SACV 22-1164 JVS (ADSx), 2023 WL 3158954, at *3 (C.D. Cal. Apr. 19,
2023) ....................................................................................................................................6

*Jackson v. Loews Hotels, Inc.*,
ED CV 18-827-DMG, 2019 WL 6721637 (C.D. Cal. July 24, 2019) .....................................6

*Jasso v. Citizens Telecomms Co. of CA. Inc.*,
No. 2:05-cv-02649, 2007 WL 97036 (E.D. Cal. Jan. 9, 2007) ..............................................7

*Kalitta Air, L.L.C. v. Central Texas Airborne Systems, Inc.*,
315 Fed. App'x. 603 (9th Cir. 2008) ....................................................................................9

MIXPANEL'S MOTION TO DISMISS
Case No. 3:25-CV-10312-VC

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..........................................................................................15

*Krottner*,
    628 F.3d at 1143 .................................................................................................................5

*Kwikset Corp. v. Super. Ct.*,
    51 Cal.4th 310 (Cal. 2011)................................................................................................12

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ............................................................................................2

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).............................................................................................................2

*Medoff v. Minka Lighting, LLC*,
    No. 2:22-cv-08885, 2023 WL 4291973 (C.D. Cal. May 8, 2023)......................................8

*Miller v. Travel Guard Grp., Inc.*,
    No. 3:21-cv-09751, 2023 WL 7106479 (N.D. Cal. Sept. 15, 2023)..................................14

*Mirkin v. Wasserman*,
    5 Cal. 4th 1082 (1993) ......................................................................................................15

*Moore v. Centrelake Med. Grp., Inc.*,
    83 Cal. App. 5th 515 (2022) ...............................................................................................9

*Morales v. Conifer Revenue Cycle Sols., LLC*,
    No. 2:23-cv-01987, 2025 WL 1096396 (C.D. Cal. Mar. 31, 2025) .................................4, 8

*Newman v. OneWest Bank*,
    No. EDCV 10-0064 AHM (DTBx), 2010 WL 797188, at *5 (C.D. Cal. Mar.
    5, 2010) ............................................................................................................................3, 6

*Opperman v. Path, Inc.*,
    87 F. Supp. 3d 1018 (N.D. Cal. 2014) ................................................................................2

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) ..............................................................................11

*In re Sagent Tech., Inc. Derivative Litig.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ..............................................................................3

*In re Sequoia Benefits & Ins. Data Breach Litig.*,
    No. 3:22-cv-08217, 2024 WL 1091195 ............................................................................13

*Shroyer v. New Cingular Wireless Servs., Inc.*,
    622 F.3d 1035 (9th Cir. 2010) ..........................................................................................13

MIXPANEL'S MOTION TO DISMISS
Case No. 3:25-CV-10312-VC

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ...............................................................................................15

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012)..............................................................................7, 9, 12

*Spokeo v. Robins*,
578 U.S. 330 (2016)..............................................................................................................2, 3

*Sugarfina, Inc. v. Sweet Pete's LLC*,
No. 17-CV-4456-RSWL, 2017 WL 4271133 (C.D. Cal. Sept. 25, 2017)..............................11

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014)....................................................................................................................3

*Sutter Health v. Super. Ct.*,
227 Cal. App. 4th 1546 (2014) ................................................................................................10

*Tamraz v. Bakotic Pathology Assocs., LLC*,
No. 22-CV-0725, 2022 WL 16985001 (S.D. Cal. Nov. 16, 2022).........................................12

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................................................................................................................3

*Upper Deck Co. v. Flores*,
569 F. Supp. 3d 1050 (S.D. Cal. 2021) ...................................................................................11

*Wall v. Wescom Cent. Credit Union*,
No. 5:23-cv-02293, 2024 WL 1158361 (C.D. Cal. Mar. 18, 2024) .......................................11

*Williamson v. McAfee, Inc.*,
5:14–CV–00158–EJD, 2014 WL 4220824 (N.D. Cal. Aug. 22, 2014)..................................14

**Statutes**

Cal. Bus. & Prof. Code § 17200 ......................................................................................6, 11, 13

Cal. Bus. & Prof. Code § 17204 ...........................................................................................11, 12

UCL...........................................................................................................................12, 13, 14, 15

**Other Authorities**

55 Cal. Jur. 3d Restitution § 2.....................................................................................................11

CALIFORNIA CIVIL PRACTICE: BUSINESS LITIGATION § 68.28 (2023) ...........................................10

Federal Rule of Civil Procedure 8 ............................................................................................2, 7

Federal Rule of Civil Procedure 8(a) .............................................................................................3

Federal Rule of Civil Procedure 9 ........................................................................................................15

Federal Rule of Civil Procedure 9(b).....................................................................................................15

Federal Rule of Civil Procedure Rule 12(b)(1)........................................................................................2

Federal Rule of Civil Procedure Rule 12(b)(6)........................................................................................2

MIXPANEL'S MOTION TO DISMISS
Case No. 3:25-CV-10312-VC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Zebraline Group, LLC ("Plaintiff") pleads no direct connection to Mixpanel, Inc. ("Mixpanel"). Instead, Plaintiff allegedly maintains an API business account provided by OpenAI L.P. ("OpenAI"). Compl. ¶ 3.

Following a cyberattack launched by a third-party criminal against Mixpanel (the "Security Incident"), Plaintiff sued both OpenAI and Mixpanel based on the vague and threadbare allegation that it "became aware of suspicious calls and emails directed at its business personnel that appeared to leverage contextual details consistent with the types of data compromised in the [Security Incident]" in an attempt "to impersonate Plaintiff or its personnel and to obtain information, access, or action through social engineering." Compl. ¶¶ 21–22. Plaintiff does not allege its phone number was involved in the Security Incident, nor does it allege any of these suspicious phone calls or emails caused harm to its business.

Even if the Ninth Circuit considered the analytics data involved in the Security Incident sensitive enough to threaten real and immediate harm (it does not), Plaintiff fails to allege it suffered cognizable harm. Plaintiff does not plead any actual harm or misuse of the information involved in the Security Incident (e.g., actual or attempted financial fraud). Instead, Plaintiff seeks damages and injunctive relief based solely on the risk of future social engineering attempts against its business. This is not enough to satisfy the injury-in-fact element of Article III standing. And even if the Court had subject matter jurisdiction to hear this case (it does not), Plaintiff's conclusory allegations fail to state claims upon which relief can be granted.

Plaintiff also fails to properly plead claims against Mixpanel with proper specificity, instead relying on conclusory allegations that fail to differentiate between OpenAI and Mixpanel. This is improper group pleading and further grounds for dismissal.

### II.    BACKGROUND

Mixpanel "provides analytics and telemetry services that track user interactions with websites and applications." Compl. ¶6. Plaintiff alleges it "maintains and uses an OpenAI API account for business purposes." *Id.* ¶4. Plaintiff does not allege any connection to Mixpanel. It

-1-

does not claim to be a customer of Mixpanel or to have ever utilized Mixpanel's services or products. Rather, "OpenAI engaged Mixpanel to provide analytics for the OpenAI API platform." *Id.* ¶11. Allegedly, the Security Incident sparked malicious actors to target Plaintiff with social engineering and phishing attempts to "induce employees to divulge information or take actions that could harm the business." Compl. ¶ 2. Plaintiff does not allege that these attempts were successful or that any actions were taken that harmed its business.

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1)

In order to establish subject matter jurisdiction pursuant to Federal Rule 12(b)(1), the plaintiff must establish the "'irreducible constitutional minimum' of standing." *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. "[E]ach named plaintiff must meet the standing requirements, including satisfactorily alleging that each named plaintiff suffered 'non-speculative injury.'" *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1037 (N.D. Cal. 2014) (quoting *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)).

### B.    Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

## IV.    ARGUMENT

### A.    Plaintiff Fails to Meet the Pleading Requirements of Rule 8.

Plaintiff fails to make clear what allegations are being made against Mixpanel versus OpenAI. *See e.g.,* Compl. ¶¶ 23, 42, 60–61, 65. This sort of group pleading cannot satisfy the

-2-

"basic pleading requirements of Rule 8(a)" and requires dismissal on that basis alone. *Newman v. OneWest Bank*, No. EDCV 10-0064 AHM (DTBx), 2010 WL 797188, at *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together."); *see also In re Sagent Tech., Inc. Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."). Dismissal is warranted on this basis alone.

### B.     Plaintiff Lacks Article III Standing to Sue Mixpanel.

#### 1.     *Plaintiff fails to plausibly allege any injury-in-fact.*

Plaintiff has not met its burden to plead an injury-in-fact sufficient to confer standing. An injury in fact must be "concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). An injury is "concrete" when it is "'real,' and not 'abstract.'" *Spokeo*, 578 U.S. at 340 (citation omitted). "[T]hat is, it must actually exist." *Id*. And the need for "actual or imminent" injury bars "conjectural or hypothetical" harms. *Id*. (citation omitted). Threatened future harm is "imminent" only when it is "certainly impending" or there is a "'substantial risk'" that the harm will occur. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 & n.5 (2013)). Allegations of "possible" future harms "are not sufficient." *Clapper*, 568 U.S. at 409.

Plaintiff generically asserts it has suffered injuries in the form of "heightened risk of phishing, impersonation, and payment-instruction fraud directed at Plaintiff's workforce and vendors" (Compl. ¶ 23); lost time and out-of-pocket expenses mitigating the Security Incident (*id.*); and "suspicious calls and emails directed at its business personnel" (*id.* ¶ 21). None of these alleged injuries amount to an injury-in-fact sufficient to confer Article III standing.

#### a.     Plaintiff's alleged risk of social engineering attempts in the future does not constitute an injury-in-fact.

Plaintiff cannot plausibly allege it is at *any* credible risk of heightened phishing, impersonation, or payment-instruction fraud because of the Security Incident. Compl. ¶¶ 23–24.

*First*, Plaintiff's compromised data is not sufficiently sensitive to create the heightened risk

-3-

of fraud it alleges. In the Ninth Circuit, courts evaluate whether there is a *substantial* risk of future harm following a data breach based on the type of information compromised. *See Greenstein v. Noblr Reciprocal Exch.*, 585 F. Supp. 3d 1220, 1227 (N.D. Cal. 2022) ("The Ninth Circuit identifies types of future harm in data breach cases based on the types of personal information compromised"). Where the compromised information does not provide a clear mechanism to commit fraud, alleged future injury is too speculative to support standing. *Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175, 2015 WL 6123054, at \*11 (N.D. Cal. Oct. 19, 2015) (*Antman I*).

That is the case here. Plaintiff alleges disclosure of account-profile and analytics information, including the name supplied on the account, email address, approximate city, state, and country of use, browser and operating system, referring websites, and OpenAI organization and/or user identifiers. Compl. ¶ 18. No Ninth Circuit court has held that this combination of information creates an imminent and credible risk of fraud. Courts have, however, found no substantial risk even where the compromised information was more sensitive than the data allegedly involved here. *See, e.g.*, *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 2:23-cv-01987, 2025 WL 1096396, at \*4 (C.D. Cal. Mar. 31, 2025) (noting that whether driver's license numbers could be used to commit identity theft is speculative."); *Antman I*, 2015 WL 6123054, at \*11 (finding no immediate risk of identity theft where the compromised information included driver's license numbers, bank account and routing information); *Antman v. Uber Techs., Inc.*, No. 15-cv-01175, 2018 WL 2151231, at \*10 (N.D. Cal. May 10, 2018) (*Antman II*) (same); *Greenstein*, 585 F. Supp. 3d at 1228 (addresses, driver's license numbers); *see also Abellard v. Stretto, Inc.*, No. 8:24-cv-01030, 2025 WL 1674265, at \*6 (C.D. Cal. Apr. 25, 2025) (noting that, where the stolen data was limited to names, addresses, emails, phone numbers, and claims data, "[i]t is unclear how a third party could use the personal information at issue to misuse Plaintiffs' financial accounts . . .").

Here, Plaintiff does not allege any instances of actual misuse of its OpenAI API information, relying solely on generic statements on the dangers of a heightened risk of phishing, impersonation, and fraud. *E.g.*, Compl. ¶¶ 21–22, 24. Plaintiff does not allege the "suspicious calls and emails" it allegedly received resulted in successful impersonation or phishing, only that it faces

-4-

a heightened risk from these alleged actions. *Id.* ¶ 21. This does not establish a concrete harm sufficient to confer standing. *See Greenstein*, 585 F. Supp. 3d at 1228 ("To find a credible risk of future identity [theft], this Court would need to speculate as to whether a third party, with Plaintiffs' names, addresses, and driver's license numbers, could commit extensive identity theft."). Because Plaintiff's allegations regarding its increased risk of harm are entirely speculative, they do not establish a sufficiently concrete injury-in-fact to satisfy Article III standing requirements.

### b. Plaintiff's alleged mitigation costs do not constitute an injury-in-fact.

Plaintiff alleges its time and effort spent mitigating the effects of the Security Incident constitute an injury-in-fact. *See* Compl. ¶¶ 23, 25. Plaintiff cites to vague allegations of "time spent by personnel investigating, responding to, and mitigating the incident," as well as "out-of-pocket expenses and increased operating costs." *Id.* ¶ 23. Plaintiff further contends it faces "ongoing mitigation costs and operational burdens." *Id.* ¶ 25.

It is well established that a plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is certainly not impending." *Clapper*, 568 U.S. at 416. "[T]he risk of identity theft must first be real and imminent, and not speculative, before mitigation costs establish injury in fact." *Krottner*, 628 F.3d at 1143. Plaintiff must also demonstrate that its mitigation efforts were "reasonable and necessary" in light of the personal information taken. *Holly v. Alta Newport Hosp., Inc.*, 612 F. Supp. 3d 1017, 1027 (C.D. Cal. 2020); *see also Greenstein*, 585 F. Supp. 3d at 1230 (finding mitigation costs did not confer standing where the plaintiffs failed to demonstrate why their mitigation efforts were reasonable and necessary in light of the type of information stolen); *Burns v. Mammoth Media, Inc.*, No. CV 20-04855, 2021 WL 3500964, at *2-3 (C.D. Cal. Aug. 6, 2021) (finding no injury-in-fact based on mitigation costs where evidence showed plaintiff's compromised information could not be used to commit fraud or identity theft).

Here, Plaintiff's allegations of time spent responding to the Security Incident are self-inflicted costs incurred in anticipation of possible future injury, not in response to any alleged

present misuse. Plaintiff also fails to explain why its mitigation efforts were reasonable and necessary given that the allegedly exposed data involved only account-profile and analytics information. Compl. ¶ 18. In short, the Complaint does not plausibly connect its alleged expenses and operating burdens to any non-speculative present injury.

### c. Plaintiff's alleged increase in "suspicious" communications does not constitute an injury-in-fact.

Plaintiff's alleged increase in "suspicious calls and emails" does not constitute an injury-in-fact. Compl. ¶ 21; *see Jackson v. Loews Hotels, Inc.*, ED CV 18-827-DMG (JCx), 2019 WL 6721637, at *5 (C.D. Cal. July 24, 2019) (stating that "receiving spam or mass mail does not constitute an injury"); *In re Illuminate Education Data Security Incident Litigation*, SACV 22-1164 JVS (ADSx), 2023 WL 3158954, at *3 (C.D. Cal. Apr. 19, 2023) (alleged "[r]eceipt of spam, absent any other injury, is insufficient to establish an injury [in fact] for the purposes of standing."). Moreover, Plaintiff fails to plausibly allege that the Security Incident *caused* the alleged increase in suspicious communications. Plaintiff relies on temporal proximity alone. "Shortly thereafter, Plaintiff became aware of suspicious calls and emails directed at its business personnel" following the Security Incident. Compl. ¶ 21. But the Security Incident did not involve Plaintiff's phone number. *Id.* ¶ 18. And no allegations are offered about who received suspicious emails, and if those email addresses coincide with the information released in the Security Incident. Plaintiff's only allegation connecting these suspicious communications to the information impacted by the Security Incident is a single vaguely worded sentence that these communications "appeared to leverage contextual data consistent with the types of data compromised in the Mixpanel incident." *Id.* ¶ 21. This is insufficient.

### C. Plaintiff Fails to State a Claim Upon Which Relief May Be Granted.

Plaintiff asserts four (4) causes of action against Mixpanel: (1) Negligence, (2) Breach of Confidence, (3) Unjust Enrichment, and (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Each claim fails for the reasons below.

#### 1. Plaintiff's negligence claim fails.

##### a. Plaintiff fails to plausibly allege Mixpanel breached any duties.

-6-

Plaintiff does not plausibly allege Mixpanel breached any duty. Instead, it offers collective allegations against OpenAI and Mixpanel without facts showing what Mixpanel specifically did wrong. Apart from conclusory assertions that "Defendants" failed to maintain reasonable security and failed to detect, respond to, and notify affected customers, Plaintiff does not explain how Mixpanel engaged in that conduct, how Mixpanel's safeguards were deficient, or when and how any duty to notify arose. Compl. ¶ 41. Its failure to do so is fatal to its negligence claim. *In re Episource LLC Data Breach Litigation*, No. 2:25-cv-05330-SB-MBK, 2026 WL 638864, at \*13 (C.D. Cal. Jan. 20, 2026) (finding that "generic, collective allegations against [the defendants] are insufficient under Rule 8") (citation omitted); *Bem v. Stryker Corp.*, No. 3:15-cv-02485, 2015 WL 4573204, at \*1 (N.D. Cal. July 29, 2015) (rejecting a negligence claim that "fail[ed] to plead any facts describing the particular defect, the injury sustained, the manner in which [the defendant] was negligent, or how any such negligence caused or contributed in any manner to any specified injury"); *Jasso v. Citizens Telecomms Co. of CA. Inc.*, No. 2:05-cv-02649, 2007 WL 97036, at \*5 (E.D. Cal. Jan. 9, 2007) ("The bald allegation that defendants owed plaintiffs a duty, and breached that duty does not satisfy plaintiffs' burden of stating a claim").

### b. Plaintiff fails to allege any cognizable injury.

"Under California law, appreciable, nonspeculative, present harm is an essential element of a negligence cause of action." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 962 (S.D. Cal. 2012). "California courts have indicated that speculative harm or the mere threat of future harm is insufficient to constitute actual loss." *Corona v. Sony Pictures Ent., Inc.*, No. 2:14-cv-09600, 2015 WL 3916744, at \*4 (C.D. Cal. June 15, 2015). Plaintiff alleges the following theoretical harms: (1) "heightened risk of phishing, impersonation, and payment-instruction fraud;" (2) lost time; and (3) mitigation costs. *See* Compl. ¶ 23. None amount to "appreciable, nonspeculative, present harm." *In re Sony*, 903 F. Supp. 2d at 962.

*First,* Plaintiff's allegations of a heightened risk of phishing, impersonation, and payment-instruction fraud "do not support a claim for negligence, as they fail to allege a cognizable injury." *Corona*, 2015 WL 3916744, at \*4; *see In re Sony*, 903 F. Supp. 2d at 962–63 ("[W]ithout specific factual statements that Plaintiffs' Personal Information has been misused, in the form of an open

-7-

bank account, or un-reimbursed charges, the mere 'danger of future harm, unaccompanied by present damage, will not support a negligence action.'") (citation omitted). Because Plaintiff does not allege actual misuse of its account data or harm to its business, allegations of heightened risk of phishing, impersonation, and payment-instruction fraud cannot establish cognizable injury.

Moreover, as explained above, Plaintiff alleges it is at imminent risk of phishing, impersonation, and payment-instruction fraud, but does not explain *how* the types of compromised information put its business at risk. Plaintiff alleges the Security Incident involved the "name supplied on the [OpenAI] account, email address, approximate city, state, and country of use, browser and operating system, referring websites, and OpenAI organization and/or user identifiers." Compl. ¶ 18. But these are not the types of data courts find sufficient to commit fraud Plaintiff alleges *might* occur. *Morales*, 2025 WL 1096396, at *4 ("[L]ess sensitive information, even driver's license numbers, is insufficient because whether it could be used to commit identity theft is speculative"); s*ee Huynh v. Quora, Inc.*, No. 5:18-cv-07597, 2020 WL 7408230, at *6 (N.D. Cal. June 1, 2020) ("Plaintiffs have not alleged specific facts that any personal identifying information that was stolen [has] been misused or otherwise alleged how their lost personal information or the risk of future harm constitutes an appreciable, nonspeculative, present injury.").

*Second*, California courts have determined that time spent mitigating alleged future harm does not constitute cognizable injury. *Medoff v. Minka Lighting, LLC*, No. 2:22-cv-08885, 2023 WL 4291973, at *9 (C.D. Cal. May 8, 2023) (holding that "generalized allegations of lost time and a continued expectation that [plaintiff] will continue bearing these costs are too speculative to constitute a cognizable injury."); *Corona*, 2015 WL 3916744, at *4 ("[G]eneral allegations of lost time are too speculative to constitute cognizable injury."). Plaintiff's allegations of "time spent by personnel investigating, responding to, and mitigating the [Security Incident]," and "out-of-pocket expenses and increased operating costs for additional security controls, training, monitoring, and incident-response measures," *see* Compl. ¶ 23, are exactly the kinds of "general allegations" courts find deficient. *Corona*, 2015 WL 3916744, at *4.

### c.   Plaintiff's negligence claim is barred by the economic loss rule.

"In general, there is no recovery in tort for negligently inflicted 'purely economic losses,'

meaning financial harm unaccompanied by physical or property damage." *Moore v. Centrelake Med. Grp., Inc.,* 83 Cal. App. 5th 515, 534-35 (2022); *Kalitta Air, L.L.C. v. Central Texas Airborne Systems, Inc.*, 315 Fed. App'x. 603, 605 (9th Cir. 2008) (in negligence actions "liability is limited to damages for physical injuries and recovery of economic loss is not allowed."). "[I]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *Kalitta Air*, 315 Fed. App'x at 605. None of those exceptions are found here.

Plaintiff does not allege any personal injury or property damage. And under California law, Plaintiff's time allegedly spent "investigating, responding to, and mitigating the [Security Incident]" is not a non-economic loss. *See Moore*, 83 Cal. App. 5th at 536 ("We reject appellants' contention that their asserted lost-time damages are noneconomic losses and therefore exempt from the economic loss rule."); *In re Episource LLC Data Breach Litigation*, 2026 WL 638864, at *15 (applying *Moore* to dismiss a negligence claim as barred by the economic loss doctrine); *Gardiner v. Walmart Inc.*, No. 4:20-cv-04618, 2021 WL 2520103, at *8–9 (N.D. Cal. Mar. 5, 2021) ("[C]ourts have found that the cost of lost time is an economic harm not recoverable under the economic loss doctrine."); *see also In re Sony*, 903 F. Supp. 2d at 961 n.15 ("Although purely economic loss usually occurs in the form of lost profits, it may also include . . . loss of expected proceeds, lost opportunities, diminution in the value of the allegedly defective property, [and] loss of use . . ."). Accordingly, Plaintiff's negligence claim is properly barred under the economic loss rule.

### 2.    *Plaintiff fails to state a claim for breach of confidence.*

To prevail on a breach of confidence claim, Plaintiff must demonstrate that: "(1) the plaintiff conveyed 'confidential and novel information' to the defendant; (2) the defendant had knowledge that the information was being disclosed in confidence; (3) there was an understanding between the defendant and the plaintiff that the confidence be maintained; and (4) there was a disclosure or use in violation of the understanding." *Entm't Rsch. Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1227 (9th Cir. 1997). Plaintiff's breach of confidence claim fails because it has not alleged "a disclosure or use" of confidential information in violation of the parties'

-9-

"understanding." *Id.*

Plaintiff cannot allege an "understanding" with Mixpanel because Plaintiff does not allege any connection or relationship to Mixpanel. Plaintiff only alleges a direct relationship with OpenAI. Compl. ¶ 4. No "understanding" could be reached between the parties because Plaintiff never alleges it interacted with Mixpanel. Plaintiff also fails to allege a "disclosure" of confidential information. Courts define "disclosure" as "[t]he act or process of making known something that was previously unknown; a revelation of facts." *Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 934 (9th Cir. 2021). In other words, "disclosure" requires an affirmative, intentional act. *See Sutter Health v. Super. Ct.*, 227 Cal. App. 4th 1546, 1555–56 (2014) (disclosure requires affirmative action and occurs when a party "*affirmatively* shares" information with another (emphasis added)); CALIFORNIA CIVIL PRACTICE: BUSINESS LITIGATION § 68.28 (2023) (model template for breach-of-confidence complaint showing plaintiff must allege "defendant knowingly used and distributed plaintiff's confidential idea").

Plaintiff must allege that Mixpanel knowingly and intentionally disclosed confidential material. Plaintiff does not and cannot make that allegation as there is no dispute that Mixpanel had no part in the criminal Security Incident and did not affirmatively disclose Plaintiff's information in any way. *See* Compl. ¶ 1 ("an unauthorized actor accessed Mixpanel's systems and exported datasets relating to Mixpanel's customers."). Plaintiff's breach of confidence claim therefore fails. *See, e.g., In re Ambry Genetics*, 567 F. Supp. 3d 1130, 1147 (C.D. Cal. 2021) (finding that plaintiffs' breach of confidence claim failed "because Plaintiffs do not allege that Defendants gave their private information away, but rather allege that the information was involuntarily stolen from Defendants.").

### 3. Plaintiff fails to state a claim for unjust enrichment.

Plaintiff's claim for unjust enrichment fails for several reasons. As an initial matter, "in California, there is not a standalone cause of action for 'unjust enrichment,'" unless such claims are limited to "a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). Plaintiff makes no reference to "quasi-contract" claims in the Complaint, and it does not allege Mixpanel "has been unjustly conferred a benefit

-10-

'through mistake, fraud, coercion, or request.'" *Id.* (quoting 55 Cal. Jur. 3d Restitution § 2) (describing the basis for a quasi-contract claim). Thus, the claim fails. *See Griffith v. TikTok, Inc.*, No. 5:23-cv-00964-SB-E, 2023 WL 9019035, at *6 (C.D. Cal. Dec. 13, 2023) (dismissing plaintiff's unjust enrichment claim with prejudice "[w]here, as here, Plaintiffs make no suggestion that their unjust enrichment claim presents a viable quasi-contract theory of recovery."); *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-CV-4456-RSWL, 2017 WL 4271133, at *6, 8 (C.D. Cal. Sept. 25, 2017) (dismissing unjust enrichment claim and denying leave to amend because plaintiff "failed to allege any quasi-contract between the parties.").

But even if the Court construed Plaintiff's claim as "a quasi-contract claim seeking restitution," the claim still fails. *Astiana*, 783 F.3d at 762. To establish a claim for unjust enrichment, a plaintiff must demonstrate that "the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). "While privity or a direct relationship between the parties is not required, [the plaintiff] must have conferred a benefit [on the defendant] which it unjustly retained." *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1072 (S.D. Cal. 2021).

Here, Plaintiff cannot plausibly allege that it has conferred a benefit on Mixpanel. Plaintiff does not claim to be a customer of Mixpanel, to have ever used Mixpanel's services, or to have interacted directly with Mixpanel at all. Plaintiff only alleges that it "maintains and uses an OpenAI API account for business purposes." Compl. ¶ 4. Without an alleged connection to Mixpanel, Plaintiff cannot state an unjust enrichment claim. *See Wall v. Wescom Cent. Credit Union*, No. 5:23-cv-02293, 2024 WL 1158361, at *6 (C.D. Cal. Mar. 18, 2024) (dismissing unjust enrichment claim where the plaintiff provided their personal information to the defendant's client, not the defendant, and therefore "did not confer any benefit on [defendant] and thus may not assert a quasi-contract claim against it."). Plaintiff does not plausibly allege it has conferred a benefit on Mixpanel and its unjust enrichment claim should be dismissed. *See also Pirozzi v. Apple Inc.,* 913 F. Supp. 2d 840, 852 (N.D. Cal. 2012) (dismissing unjust enrichment claim where plaintiffs failed to allege how defendant benefited from the data collection of third parties).

    4.    *Plaintiff's Claim for Violations of the California Unfair Competition Law*

-11-

*Fails.*

### a.    Plaintiff lacks UCL standing.

Plaintiff alleges Mixpanel's alleged conduct "constitutes unlawful, unfair, and/or fraudulent business acts and practices" in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17204. Compl. ¶ 65. The threshold question is statutory standing, and Plaintiff's allegations do not satisfy it.

Statutory standing under the UCL is "substantially narrower" than Article III standing. *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 323 (Cal. 2011). To have statutory standing to bring a UCL claim, Plaintiff must allege it "suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "In order to have 'lost money or property' a plaintiff must demonstrate some form of economic injury." *In re Sony Gaming*, 903 F. Supp. 2d at 966; *Kwikset*, 51 Cal.4th at 324 (noting that "the economic injury requirement is qualitatively more restrictive than federal injury in fact" and includes fewer kinds of injuries).

Plaintiff's allegations fall short. The vague and conclusory allegation that Plaintiff "suffered injury in fact and lost money or property" is just a formulaic recitation of the UCL standing requirement. Compl. ¶ 69; s*ee Iqbal,* 556 U.S. at 678; Cal. Bus. & Prof. Code § 17204. Plaintiff's allegations that its "mitigation costs, increased security expenditures, and business operational losses, and/or amounts paid for services that were not provided with the represented level of reasonable security and vendor oversight" constitute "lost money or property" do not suffice.  Compl. ¶ 69; *In re Sony Gaming*, 903 F. Supp. 2d at 966 ("[T]he heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL."). Furthermore, the perceived diminution in services relates to the entity with whom it contracted, not Mixpanel.

To the extent Plaintiff intends these allegations to advance a benefit-of-the-bargain theory of statutory standing, this theory is unavailing. "[W]hen a plaintiff never bargained with a defendant, there can be no benefit of the bargain standing under the UCL." *Tamraz v. Bakotic Pathology Assocs., LLC*, No. 22-CV-0725, 2022 WL 16985001, at *6 (S.D. Cal. Nov. 16, 2022). Here, Plaintiff has not alleged it bargained with Mixpanel, paid money to Mixpanel for its services,

or interacted or transacted with Mixpanel in any way. Without such allegations, Plaintiff has not satisfied the statutory standing requirements under the UCL. *See Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1054–55 (S.D. Cal. 2023) ("When a plaintiff never transacted with a defendant, there can be no benefit-of-the-bargain injury under the UCL."); s*ee Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 484 (N.D. Cal. 2021) (finding no UCL standing where "Plaintiffs do not allege that they paid any money to [defendant] for its services.").

### b.     Plaintiff's UCL theories of liability are not well pled.

"The UCL provides a cause of action for 'any unlawful, unfair, or fraudulent business act or practice.'" *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (citing Cal. Bus. & Prof. Code § 17200). "Each of these 'prongs' under the UCL creates an independent theory of liability." *Id.* Plaintiff attempts to pin liability on Mixpanel under each prong, but its conclusory allegations do not suffice. *See* Compl. ¶¶ 66–68.

"The UCL's unlawful prong allows plaintiffs to 'borrow' other laws and make claims independently actionable under the UCL." *Gardiner*, 2021 WL 2520103, at *6. "[A] claim under [the unlawful prong] hinges upon whether a plaintiff can formulate a claim under the predicate law." *Eidmann*, 522 F. Supp. 3d at 647. To do so, Plaintiff "must identify ***the particular section of the statute that was violated***, and must describe with reasonable particularity the facts supporting the violation." *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal. June 16, 2010) (internal quotations omitted) (emphasis added).

Plaintiff fails to plead any unlawful predicate acts. Instead it predicates its unlawful claim on a bare recitation of its common law claims. *See* Compl. ¶ 66. This is insufficient. *See In re Sequoia Benefits & Ins. Data Breach Litig.*, No. 3:22-cv-08217, 2024 WL 1091195, at *8 ("'[A] common law violation such as breach of contract is insufficient' on its own to satisfy the unlawful prong.") (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010)). Apart from this defect, Plaintiff still fails to "describe with reasonable particularity the

facts supporting" Mixpanel's alleged violation. *Baba*, 2010 WL 2486353, at *6.[1]

For the unfair prong, "courts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017). Here, Plaintiff's allegations of unfair business practices overlap entirely with those pled under the unlawful prong. *See* Compl. ¶ 67. The crux of Plaintiff's allegations is that Mixpanel failed to protect its personal information. Whether couched under the unlawful, unfair, or fraudulent prong, Plaintiff's allegations overlap entirely and therefore necessarily fail.

California courts have applied two tests to determine if an act is unfair, including a balancing test (*i.e.*, the business practice offends established public policy) or a tethering test (*i.e.*, the business practice violates public policy tethered to some legislatively declared policy)." *Miller v. Travel Guard Grp., Inc.*, No. 3:21-cv-09751, 2023 WL 7106479, at *15 (N.D. Cal. Sept. 15, 2023). Plaintiff's allegations fall short under either test.

As to the balancing test, Plaintiff's conclusory allegation that Mixpanel's actions were "unfair" is insufficient. Compl. ¶ 67. Plaintiff fails to provide sufficient factual allegations to allege any of Mixpanel's practices are "immoral, unethical, oppressive, and unscrupulous." *Williamson v. McAfee, Inc.,* 5:14–CV–00158–EJD*,* 2014 WL 4220824, at *7 (N.D. Cal. Aug. 22, 2014). Plaintiff's allegations also fail under the "tethering test" under which a plaintiff must show that the business practice violates public policy tethered to some legislatively declared policy. *Miller*, 2023 WL 7106479, at *15. But here, Plaintiff fails to allege any of Mixpanel's business practices violate public policy. Indeed, Plaintiff's allegations do not even mention an applicable public policy. *See* Compl. ¶ 67. Plaintiff's UCL claim fails under the unfair prong.

For the fraudulent prong, Plaintiff does not plausibly allege an actionable misrepresentation

---

[1] Plaintiff includes a citation to *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 827 (2006) in support of its unlawful prong allegations. *Daugherty* does not support Plaintiff's UCL claim. *Id.* ("Daugherty fails to allege a violation of the UCL under any of the three prongs.).

-14-

made by Mixpanel. The complete absence of any direct relationship between the two entities makes this difficult. And to the extent Plaintiff tries to rely on an omission-based theory, the claim fails because Plaintiff fails to plead reliance. To prove reliance in a fraudulent omission case, Plaintiff must establish that "had the omitted information been disclosed, [it] would have been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093, (1993). But even if Plaintiff included such allegations, the claim still fails because it does not meet the heightened pleading requirements under Rule 9. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."); *In re Anthem, Inc. Data Breach Litigation*, 162 F. Supp. 3d 953, 990 (N.D. Cal. 2016) ("Claims stated under the fraud prong of the UCL are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)").

### c.  Plaintiff fails to allege it lacks an adequate remedy at law.

Plaintiff "must establish that [it] lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Plaintiff seeks compensatory damages based on the same alleged conduct that underlies its other causes of action and does not explain why those remedies are inadequate. *See* Compl. ¶¶ 44, 64; Prayer for Relief. Since Plaintiff fails to allege an inadequate remedy at law, its claim fails.

## V.    CONCLUSION

For all the foregoing reasons, Mixpanel respectfully requests this Court dismiss Plaintiff's Complaint with prejudice.

Dated: April 17, 2026                                        POLSINELLI PC


By:    /s/ *Starr Drum*
        STARR T. DRUM
        TYLER G.D. ANDERS
        *Attorneys for Defendant Mixpanel, Inc.*